IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEAL E. HARRIS, III, 1471160, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-CV-2191-O |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for aggravated robbery with a deadly weapon. *State of Texas v. Sherman Sheilds*,[1] No. F-06-70889-K (4th Crim. Dist. Ct., Dallas County, Tex., Nov. 13, 2007). Petitioner was sentenced to thirty years confinement. On October 29, 2008, the Fifth District Court of Appeals affirmed the conviction and sentence. *Sheilds v. State*, No. 05-08-00059-CR, 2008 WL 4725654 (Tex. App. – Dallas 2008, pet. dism'd, untimely filed).

Petitioner filed three state habeas petitions. On January 2, 2008, Petitioner filed his first petition. *Ex parte Harris*, Application No. 69,296-01. On March 26, 2008, the Texas Court of

---

[1] Petitioner was indicted under his alias "Sherman Sheilds."

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -1-

Criminal Appeals dismissed the petition because the direct appeal was still pending. On February 2, 2009, Petitioner filed his second state petition. *Ex parte Harris*, 69,296-02. On March 4, 2009, the Court of Criminal Appeals dismissed the petition because mandate had not yet issued on Petitioner's direct appeal. On January 29, 2010, Petitioner filed his third state habeas petition. *Ex parte Harris*, Application No. 69,296-05. On October 20, 2010, the Court of Criminal Appeals denied the application without written order.

On November 1, 2010, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

    (1)    his sentence violated the plea agreement;

    (2)    his guilty plea was involuntary;

    (3)    he received ineffective assistance of counsel when counsel:

        (a) misled Petitioner regarding the plea agreement;

        (b) induced Petitioner to plead guilty; and

        (c) failed to withdraw the plea offer;

    (4)    the Court failed to correct his name in the plea agreement; and

    (5)    the trial court on habeas review failed to enter Findings and Conclusions of Law.

On March 11, 2011, Respondent filed his answer arguing, *inter alia*, the petition is time-barred. On April 12, 2011, Petitioner filed his reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[2]

On October 29, 2008, the Fifth District Court of Appeals affirmed the conviction and sentence.  Petitioner did not file a timely PDR.  His conviction therefore became final thirty days later, on November 28, 2008.  *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v.*

---

[2]The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

*Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 28, 2009, to file his federal petition.

      The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 2, 2008, Petitioner filed his first state habeas petition. This petition was dismissed because Petitioner's direct appeal was still pending. On February 2, 2009, Petitioner filed a second state habeas petition. On March 4, 2009, the Court of Criminal Appeals dismissed this petition because, although the appellate court had affirmed Petitioner's conviction and sentence, the appellate court had not yet issued its mandate. Since Petitioner's habeas petition was not properly filed, it did not toll the AEDPA limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings).

      On January 29, 2010, Petitioner filed his third state habeas petition  This petition did not toll the AEDPA limitations period because it was filed after the one-year limitations period expired.

      Petitioner was required to file his federal petition by November 28, 2009. He did not file his petition until November 1, 2010. The petition is therefore untimely.

## B.  Equitable Tolling

      The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because in February, 2009, he was placed in federal custody and transferred to Tennessee.  He states he did not return to Texas state custody until February 23, 2010.  He states he requested Texas state habeas forms from his attorney in the federal case, but he did not receive the forms until January 29, 2010.

The record shows that on March 30, 2009, Petitioner sent the Court of Criminal Appeals a letter asking about the status of his habeas petition.  By letter dated April 6, 2009, the Court of Criminal Appeals informed Petitioner that his habeas petition had been dismissed because his direct appeal was pending.  On October 27, 2009, Petitioner sent the Court of Criminal Appeals a letter attempting to amend the dismissed petition and asking the Court to resubmit the petition.  The Court of Criminal Appeals took no action on the letter.  Petitioner did not properly file his third state petition until January 29, 2010.

The record therefore shows that Petitioner was informed in April, 2009, that his second state habeas petition had been dismissed for noncompliance with the state habeas rules.  At that time, he had approximately eight months remaining on the AEDPA limitations period.  Although he claims he could not file his third state petition until his federal attorney in Tennessee obtained a Texas state habeas form for him, the records show Petitioner was corresponding with the Texas

state court during this time. He could have requested a form from the court but did not do so. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 29th day of October, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).